1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH S. SALVESON, State Bar #83788
   Chief Labor Attorney
3  STACEY A. LUCAS, State Bar #154345
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Fifth Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3949
6  Facsimile:    (415) 554-4248
   E-Mail:       stacey.lucas@sfgov.org

8  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO,
9  SYDNEY LAWS, MITCHELL PAGET,
   HEATHER FONG AND JAMES LYNCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON E. REYNOLDS,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a public entity, SYDNEY LAWS, PADGET MITCHELL. HEATHER FONG, JAMES LYNCH, and Does 1 through 100, inclusive,<br><br>    Defendants. | Case No. C 09-0301 MHP<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br>(Fed. R. Civ. Pro. 12(c))<br><br>Hearing Date: September 14, 2009<br>Time:          2:00 p.m.<br>Courtroom:  15, 18th Floor<br>Judge:         Hon. Marilyn Hall Patel<br><br>Trial Date:    TBA |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii
NOTICE OF MOTION AND MOTION .......................................................................................1
MEMORANDUM OF POINTS AND AUTHORITIES ................................................................2
      I.     INTRODUCTION .................................................................................................2
      II.    STATEMENT OF FACTS .....................................................................................3
      III.   PROCEDURAL HISTORY ...................................................................................4
ARGUMENT .................................................................................................................................4
      I.     REYNOLDS' NINTH CAUSE OF ACTION FAILS BECAUSE THERE WAS NO "WIRETAP" ......................................................................................................4
           A.    Taping Reynolds' End Of The Phone Conversation Was Not The Interception Of A "Wire Communication." .................................................5
           B.    The Intercepted Communication Is Not An "Oral Communication." .........5
      II.    THE COURT SHOULD DISMISS THE SIXTH CAUSE OF ACTION BECAUSE REYNOLDS' ATTORNEY WAS PRESENT DURING THE ADMINISTRATIVE HEARING ............................................................................7
      III.   THE COURT SHOULD DISMISS THE FIFTH CAUSE OF ACTION BECAUSE THERE WAS NO "WIRETAP" ...........................................................8
CONCLUSION ..............................................................................................................................9

# TABLE OF AUTHORITIES

**State Cases**

*Skelly v. State Personnel Board*,
   15 Cal.3d 194 (1975) ......................................................................................................7

**State Statutes & Codes**

California Government Code
   § 3309.5(e) ....................................................................................................................4

California Government Code
   § 12940 ..........................................................................................................................4

California Labor Code
   § 1102.5 .........................................................................................................................4

California Penal Code
   § 629.21 .........................................................................................................................8

California Penal Code
   § 629.50 .........................................................................................................................8

California Penal Code
   § 629.52 .........................................................................................................................4

California Penal Code
   § 631 ..............................................................................................................................8

**Federal Cases**

*Kemp v. Block*,
   607 F. Supp. 1262 (D.C. Nev. 1985) ...........................................................................6

*Med. Lab. Mgmt. Consultants v. Am. Broad. Co., Inc.*,
   306 F.3d 806 (9th Cir. 2002) ....................................................................................6, 8

*Siripongs v. Calderon*,
   35 F.3d 1308 (9th Cir. 1994) ....................................................................................5, 6

*United States v. McLeod*,
   493 F.2d 1186 (7th Cir. 1974) ......................................................................................5

**Federal Statutes**

18 USC
   § 2510 ...................................................................................................................4, 6, 7

18 USC
   § 2510(1) .......................................................................................................................5

18 USC
   § 2510(2) .......................................................................................................................5

18 USC
  § 2511(1)(a) ...........................................................................................................................4

18 USC
  § 2520 ....................................................................................................................................4

42 USC
  §1983 ..............................................................................................................................2, 4, 7

**San Francisco Statutes, Codes & Ordinances**
San Francisco Charter
  § A8.343................................................................................................................................7

**Rules**
Federal Rules of Evidence
  201 ........................................................................................................................................7

# NOTICE OF MOTION AND MOTION

## TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on September 14, 2009 at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 15 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue in San Francisco, California, the Honorable Marilyn Hall Patel, Defendants City and County of San Francisco, Heather Fong, James Lynch, Sydney Laws and Paget Mitchell (collectively the "City") will and hereby does move this Court for an order dismissing three causes of action from the First Amended Complaint. This motions are brought under Federal Rules of Civil Procedure 12(c) on the following grounds:

1. The Court should dismiss the Fifth Cause of Action (Secret Tape Recording in Violation of California Penal Code § 629.52) because Plaintiff fails to state a claim upon which relief may be granted;

2. The Court should dismiss the Sixth Cause of Action (Depravation of Counsel, Due Process Under 42 USC § 1983) because Plaintiff fails to state a claim upon which relief may be granted; and

3. The Court should dismiss the Ninth Cause of Action (Federal Wiretap & Eavesdropping Under 18 USC § 2520) because Plaintiff fails to state a claim upon which relief may be granted.

Defendants' Motion is based upon this Notice and accompanying Memorandum of Points and Authorities, the First Amended Complaint, the Declaration of Stacey A. Lucas, and the papers and records on file with the Court in this action, and such argument and evidence as may be presented at the hearing on this Motion.

Dated: August 10, 2009

DEF'S NOTC/MOT. TO DISMISS, MPA's;
CASE NO. C 09-0301 MHP       1       n:\labor\li2009\090733\00574188.doc

DENNIS J. HERRERA
City Attorney
ELIZABETH S. SALVESON
Chief Labor Attorney
STACEY A. LUCAS
Deputy City Attorney


By: /s/
STACEY A. LUCAS
Attorneys for Defendants CITY AND COUNTY OF
SAN FRANCISCO, et al.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Ron Reynolds is an Inspector employed by the San Francisco Police Department ("SFPD"). He alleges that his colleague, Sydney Laws, who sits in an open office with Reynolds and other Inspectors, "secretly" tape recorded his side of a phone conversation with a stalking suspect. Reynolds alleges that in taping his side of the conversation, Laws engaged in illegal wiretapping, and the City and other individually-named defendants denied him due process in disciplinary proceedings regarding Reynolds' conversation with the suspect.

In all, Reynolds alleges nine causes of action. Defendants seek dismissal of three causes of action: secret tape recording (Third Cause of Action); deprivation of counsel (Sixth Cause of Action); and federal wiretap and eavesdropping (Ninth Cause of Action). Reynolds cannot allege valid wiretapping violations under either the state or federal wiretapping statutes because the alleged intercepted communication is not protected under either statute. As stated by Reynolds in his complaint, his alleged intercepted communication was professional in nature and occurred in an open room. This type of communication—neither private nor dealing with personal matters—is not protected under the federal or state wiretapping statutes. In addition, Reynolds does not state a valid due process depravation of counsel claim under 42 USC §1983, because his attorney was present in the pre-deprivation disciplinary hearing. This court should dismiss, without leave to amend, Reynolds' fifth, sixth and ninth causes of action.

## II.     STATEMENT OF FACTS

Plaintiff Ron Reynolds has been a police officer with the City of San Francisco for 24 years, 11 of which he held the position of Inspector. (Compl. ¶ 14)

On March 6, 2006, Reynolds was assigned to investigate a stalking case by his superiors in the sex crimes unit. (Compl.¶ 36.) On April 7, 2006, Reynolds made a phone call from his desk to suspect SS in a stalking case. (Compl. ¶ 66.)[1] Plaintiff's desk is situated in the sexual assault unit—an open room where other Inspectors work alongside Reynolds. (Compl. ¶ 68.) During his phone call with the suspected stalker, Reynolds discussed the possibilities of the suspect leaving the state to return to his home and directions to seek medical attention. (Compl. ¶ 66.) Co-worker and Defendant Sydney Laws was in the office during this phone call and overheard Reynolds' conversation. (Compl. ¶ 68.) Laws was concerned about the contents of Reynolds' conversation and turned on a tape recorder to record his side of the conversation. (Compl. ¶ 68.) Laws believed Reynolds' conversation was harmful toward the victim in the stalking case, and MCD later brought charges against Reynolds for compromising the investigation. (Compl. ¶ 71; ¶ 74b.)

In both July 2006 and January 2007, MCD interviewed Plaintiff regarding the April 7, 2006 phone call, and subsequently brought administrative charges against him for compromising a criminal investigation, neglect of duty, criminal trial conduct unbecoming of an officer, unprofessionalism with the District Attorney's Office, and revealing confidential information to—and having an unprofessional relationship with—a suspect. (Compl. ¶ 72; ¶ 74b.) Deputy Chief James Lynch conducted an administrative hearing on May 20, 2008 to address the charges. Reynolds' attorney was present at the hearing. (Compl. ¶ 74a.) Reynolds alleges that after the hearing, he was suspended and he was "removed … from his civil service status as inspector." (Compl. ¶ 79.).

---

[1] The specific chronology of the stalking investigation is described in ¶¶ 35-62 of the First Amended Complaint.

### III. PROCEDURAL HISTORY

Reynolds initially filed a complaint in San Francisco Superior Court in December 2007, but did not serve the complaint. He filed a First Amended Complaint on December 15, 2008. The First Amended Complain alleges nine causes of action:

- The first three Causes of Action allege violation of California Labor Code § 1102.5;
- The Fourth Cause of Action alleges violation of California Government Code § 3309.5(e) (Peace Officers' Bill of Rights);
- The Fifth Cause of Action alleges secret tape recording in violation of California Penal Code § 629.52;
- The Sixth Cause of Action alleges depravation of counsel in violation of 42 USC § 1983;
- The Seventh and Eighth Causes of Action allege employment discrimination in violation of California Government Code § 12940; and
- The Ninth Cause of Action alleges illegal wiretapping and eavesdropping under 18 USC § 2520.

The City removed the case on the basis of the federal questions presented in the seventh and ninth causes of action. Defendants request the court dismiss the federal claims as well as the fifth cause of action.

### ARGUMENT

### I. REYNOLDS' NINTH CAUSE OF ACTION FAILS BECAUSE THERE WAS NO "WIRETAP"

Reynolds alleges that the interception of his telephone conversation by Defendant Laws violates 18 USC § 2510 et seq. (Compl. ¶ 184.) He is wrong.

Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 USC § 2520 et seq. ("the Act"), provides that any person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication" is criminally liable under § 2511(1)(a). Here, no liability exists because tape recording one end of a

phone call does not constitute interception of a "wire communication" or an "oral communication" as a matter of law.

### A. Taping Reynolds' End Of The Phone Conversation Was Not The Interception Of A "Wire Communication."

A wire communication is any "aural transfer made in whole or in part through the use of facilities for the transmission of communications by the aid of wire, cable or other like connection between the point of origin and the point of reception…" 18 USC § 2510(1). Overhearing one side of a telephone conversation is not an "interception of wire communication." *Siripongs v. Calderon*, 35 F.3d 1308, 1320 (9th Cir. 1994) (holding that when a telephone conversation is overheard and recorded at one end of the line in absence of interception of communication passing through wires, it is not interception of wire communication, but interception of oral communication); *see also United States v. McLeod*, 493 F.2d 1186, 1188 (7th Cir. 1974) (holding that an individual who overhears one side of a telephone conversation when standing near the speaker has not intercepted a wire communication merely because the person was speaking into a telephone at the time of interception).

Nowhere in Reynolds' 41-page complaint does he allege that his phone call with the suspect was somehow taped electronically such that both sides of the conversation were intercepted. Rather, he alleges that his side of the conversation was captured on tape. This is not the "interception of wire communication" under the Act.

### B. The Intercepted Communication Is Not An "Oral Communication."

An "oral communication" is any communication "uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation, but such term does not include any electronic communication." 18 USC § 2510(2).

Different from other communication types defined in the statute, protected oral communication is subject to not only the expectation that the communication not be intercepted, but also that such expectation is justified given the circumstances. *Siripongs,* 35 F.3d at 1320. In other words, only

when the circumstances surrounding the oral communication lend reasonableness to the expectation that the communication will not be intercepted, will the oral communication actually be protected from interception under this statute. *Id*.

Here, the communication is not the type protected, nor intended to be protected, by the statute. Reynolds' communication took place in the open office and workspace area of the Sexual Assault Unit of the SFPD. (Comp. ¶ 68.) The room in which the phone conversation took place contains other people and desks, and is a common area. (Comp. ¶ 68.) These circumstances do not warrant an expectation of privacy for oral communication in the space, nor do the circumstances make it reasonable for anyone in the space to hold such an expectation. *See Kemp v. Block*, 607 F. Supp. 1262, 1264 (D.C. Nev. 1985) (court denied 18 USC § 2510 claim, holding that no reasonable expectation of privacy was afforded to plaintiff employee's conversation that occurred at work in a workspace lacking interior walls); *see also Siripongs*, 35 F.3d at 1320 ("[T]here is no reason for presuming an expectation of privacy for statements made in the middle of police stations"). Characteristics of both the communication and the space in which the communication occurs factor into a determination of reasonableness when expecting privacy. *See id.* Courts hold that when conversations take place in loud voices, in a small room, in the presence of persons whom the speaker has no right to exclude, and which can be heard with the naked ear under uncontrived circumstances, there can be no reasonable expectation of privacy. *Kemp*, 607 F. Supp. at 1264. Reynolds had no reasonable expectation of privacy in his open work space.

Reynolds' telephone conversation dealt with professional and business matters that he conducted during the course of his employment with SFPD, not personal or private matters. Conversations not involving private and personal affairs, but instead business matters, do not lend an objectively reasonable expectation of privacy to the contents of the conversation. *Med. Lab. Mgmt. Consultants v. Am. Broad. Co., Inc.*, 306 F.3d 806, 814 (9th Cir. 2002).

Here, Plaintiff Reynolds alleges that his intercepted conversation dealt only with professional matters:

> "The tape demonstrates that Reynolds acted professionally and within the bounds of the mission statement of the SFPD. Further his comments and tactic were specifically as he was trained when he was being trained by the SFPD to be an inspector and consistent with the conduct of officers in the SFPD . . ." [sic]. (Compl. ¶ 68.)

This type of professional conversation is not afforded a reasonable expectation of privacy and therefore does not qualify as oral communication under 18 USC §§ 2510 et seq.

## II. THE COURT SHOULD DISMISS THE SIXTH CAUSE OF ACTION BECAUSE REYNOLDS' ATTORNEY WAS PRESENT DURING THE ADMINISTRATIVE HEARING

Reynolds alleges that because his attorney could not have an assistant present during the pre-deprivation administrative hearing, he was denied counsel in violation of 42 USC § 1983. (Compl. ¶ 163.) But because Reynolds is not entitled to multiple representatives, there is no merit to this claim.

Before any discipline can be imposed on a permanent civil service employee, minimal due process requires that the employer provide (1) notice of the proposed action, (2) the reasons for the proposed action, and (3) an opportunity to respond to the charges, either orally or in writing. *Skelly v. State Personnel Board*, 15 Cal.3d 194 (1975). SFPD General Order 2.07.C.2 specifically includes these three *Skelly* due process requirements. (Exhibit A to Declaration of Stacey A. Lucas ["Lucas Decl."].) After discipline is imposed, San Francisco Charter section A8.343 provides sworn personnel with the right to a full evidentiary hearing and the right to be represented by counsel. (Exhibit B to Lucas Decl.)[2]

None of these authorities mandate that an accused officer has the right to multiple legal representatives. Because Reynolds was represented by counsel at the Chief's hearing, his sixth cause of action fails.

---

[2] Defendants request the Court take self authority of Exhibit A and B to the Lucas Declaration under FRE 201.

### III. THE COURT SHOULD DISMISS THE FIFTH CAUSE OF ACTION BECAUSE THERE WAS NO "WIRETAP"

Reynolds alleges entitlement to damages and attorney's fees because his colleague, Sydney Laws, did not obtain court authorization before taping his end of the phone call with the stalking suspect. But because there was no "wire communication," there was no requirement to obtain a court's approval.

California Penal Code § 629.50 requires court authorization for the interception of wire, electronic pager or cellular telephone communication, and describes the procedures for obtaining a court order. Section 629.21 defines wire communication as "any aural transfer made in whole or in part through the use of facilities for the transmission of communications by the aid of wire, cable, or other like connection between the point of origin and the point of reception (including the use of a like connection in a switching station), furnished or operated by any person engaged in providing or operating these facilities for the transmission of communication."

Here, Inspector Laws tape recorded Reynolds' end of a telephone conversation. That act was not a "wire communication" and, consequently, Reynolds' allegation that Laws was required to first obtain court authorization before recording is inapplicable.

Further, to the extent Reynolds attempts to allege a violation of privacy, that claim fails as well because he had no legitimate expectation of privacy in his professional conversation in an open office. The expectation that a communication will remain private, even when overheard by a limited group of people, is limited to the extent that the conversation "conveys information private and personal to the declarant." *Med. Lab. Mgmt.*, 306 F.3d at 816.

Reynolds' recorded conversation was not the type of communication the state wiretapping statute means to protect, and he cannot state a valid violation of either Penal Code § 629.50 et seq. or § 631.

## CONCLUSION

For the reasons set forth herein, Defendants' respectfully request the Court dismiss the Fifth, Sixth and Ninth Causes of Action, with prejudice.

Dated: August 10, 2009

DENNIS J. HERRERA
ELIZABETH S. SALVESON
City Attorney
Chief Labor Attorney
STACEY A. LUCAS
Deputy City Attorney

By: /s/
STACEY A. LUCAS

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
SYDNEY LAWS, MITCHELL PAGET,
HEATHER FONG AND JAMES LYNCH