**\*\*E-filed 3/22/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RON E. REYNOLDS,

        Plaintiff,

  v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

        Defendants.
_____/

No. C 09-0301 RS

**ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

       Plaintiff Ron E. Reynolds is a longtime San Francisco Police Department Inspector. In his operative Second Amended Complaint, Reynolds alleges that he became the subject of a "campaign of retaliation," after he reported unlawful conduct occurring in the department's Sex Crimes Unit where he was then assigned. Reynolds now seeks leave to file a Third Amended Complaint, which, among other things, would include additional allegations of retaliation that purportedly took place after his reassignment to the department's Taxi Detail. Pursuant to Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument, and the hearing presently scheduled for March 24, 2011 is hereby vacated.

       Under Rule 15 of the Federal Rules of Civil Procedure, "leave [to amend] shall be freely given when justice so requires." Absent any "apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Rule 15 thus embraces "the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Id*. at 181-82 (quoting *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In short, the policy permitting amendment is to be applied with "extreme liberality." *Eminence Capital, L.L. C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). Factors which merit departure from the usual "[l]iberality in granting a plaintiff leave to amend" include bad faith and futility. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir.1999). Undue delay, standing alone, is insufficient to justify denial of a motion for leave to amend. *Id*. at 758.

Here, defendants do not object to all the amendments embodied in the Third Amended Complaint, only to those relating to allegations that Reynolds suffered retaliation during his employment with the Taxi Detail. Defendants first contend that amending the complaint to include claims based on those allegations is futile, because Reynolds did not exhaust his remedies by filing a claim with the California Labor Commissioner prior to seeking judicial relief, and it is too late to do so now. While Reynolds appears to concede that he did not file a claim with the Labor Commissioner, he argues that he was not required to do so. He contends he instead fulfilled exhaustion requirements by submitting various Government Code claims to the City, and/or an administrative complaint to the "Labor and Workforce Development Agency."

At this juncture, defendants have not met their burden to show that the amendment is necessarily futile. There is case authority that filing a Government Code claim is insufficient to establish exhaustion for claims brought under California Labor Code §1102.5. *See Creighton v. City of Livingston,* 628 F.Supp.2d 1199, 1222 (E.D.Cal.2009). Even assuming, however, that authority precludes Reynolds's claims under the Labor Code notwithstanding his administrative complaint to the "Labor and Workforce Development Agency," defendants have not shown that his claims under the Government Code arising from the same alleged acts of retaliation would be barred.

Defendants' second basis for opposing the amendments is their contention that the new allegations concern events "wholly unrelated" to the matters alleged in the present complaint. From Reynolds's perspective, all of the events represent a "continuing course of conduct of retaliation, retribution and punishment [that] has been thrust on plaintiff." Even if the new allegations are seen as relating to an entirely distinct set of events, however, that standing alone would not be a basis to deny leave to amend. Defendants contend that under Rule 15(c), any amendment must, "arise out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." Rule 15(c), however, only governs when an amended pleading will "relate back" to the filing date of the original pleading, for purposes of applying the statute of limitations. Even if the new matter Reynolds seeks to add here was as unrelated to his original claims as defendants contend, joinder of the new claims against the same defendants would undoubtedly be proper under Rule 18(a).[1]

As defendants have not otherwise established that allowing the new claims would be unduly prejudicial, the motion must be granted. It is hereby ordered that the proposed Third Amended Complaint, submitted under Docket No. 44, attachment 3, is deemed filed as of the date of this order.

IT IS SO ORDERED.

Dated:  3/22/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1] Reynolds may also be correct that the amendment could be characterized as a supplemental pleading under Rule 15(d).

3