**\*\*E-filed 10/11/11\*\***

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RON E. REYNOLDS,

           Plaintiff,

   v.

CITY AND COUNTY OF SAN
FRANCISCO, et al.,

           Defendants.

_____/

No. C 09-0301 RS

**ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO
DISMISS THIRD AMENDED
COMPLAINT**

Plaintiff Ron E. Reynolds is a longtime San Francisco Police Department Inspector, who
alleges that he became the subject of a "campaign of retaliation," after he reported unlawful conduct
occurring in the department's Sex Crimes Unit where he was then assigned.  Defendants move to
dismiss the first three claims for relief of the Third Amended Complaint, brought under California
Labor Code §1102.5, subdivision (a), (b), and (c), respectively.  Defendants' primary argument is
that Reynolds failed to exhaust his administrative remedies with respect to these claims, thereby
barring all three claims completely, although they also offer alternative arguments challenging the
claims in part.  Defendants also seek dismissal of the fifth claim for relief for violation of Cal. Penal
Code §§ 629.50, 631, 632 and 637, on grounds that it fails to state a claim and/or that they are
absolutely immune from suit on the claim pursuant to Cal. Govt. Code § 821.6.  For the reasons set
out below, the motion will be granted as to the first three claims and as to one aspect of the fifth
claim.

1. Exhaustion

Labor Code §1102.5 is a "whistle-blower" protection statute, intended to prevent employees from being restrained from, or retaliated against for, reporting wrongdoing to the appropriate authorities. Defendants rely primarily on *Campbell v. Regents of the Univ. of California*, 35 Cal. 4th 311 (2005) to argue that a plaintiff must file an administrative complaint with the Labor Commissioner prior to pursuing a private cause of action under §1102.5 in court. In *Campbell*, the California Supreme Court expressly held that even though §1102.5 is silent as to any requirement for administrative exhaustion, "the past 60 years of California law on administrative remedies" nevertheless compelled the conclusion that a person bringing a claim under the section *is* subject to the exhaustion requirement. 35 Cal. 4th at 329.

As Reynolds correctly points out, however, the particular administrative remedy process that *Campbell* found to be applicable was the employer's internal grievance procedures, not a complaint filed with the Labor Commissioner. Nevertheless, Labor Code §98.7 provides that "[a]ny person who believes that he or she has been discharged or otherwise discriminated against in violation of any law under the jurisdiction of the Labor Commissioner may file a complaint with the division within six months after the occurrence of the violation." While *Campbell* may not have reached §98.7 in light of the plaintiff's failure to exhaust even internal administrative grievance procedures, its reasoning is fully applicable to exhaustion requirements under the Labor Code, whether or not internal grievance procedures may also be at issue in a particular case. Moreover, post-*Campbell,* courts in this district have uniformly held that claims under §1102.5 must first be presented to the Labor Commissioner. *See, e.g.*, *Carter v. Dept. of Corrections*, 2010 WL 2681905 (N.D.Cal. 2010) ("Section 1102.5 claims are under the jurisdiction of the Labor Commissioner" and are barred unless the plaintiff exhausts "available administrative remedies, including bringing a complaint before the Labor Commissioner, before bringing suit.").

Here, there is no dispute that Reynolds did not file a claim with the Labor Commissioner. Reynolds did, however, send a notice letter to the Labor and Workforce Development Agency ("LWDA"), which he apparently contends is tantamount to filing a claim with the Labor Commissioner. Under the Private Attorneys General Act of 2004, Cal. Labor Code §§ 2698, *et seq.*

2

**United States District Court**
For the Northern District of California

("PAGA"), a private plaintiff seeking to recover *civil penalties* for a violation of §1102.5 must first give the LWDA and the employer written notice of the alleged violation and allow the LWDA at least thirty-three days to investigate and respond to the complaint before filing suit. *See* Cal. Labor Code § 2699.3. The Third Amended Complaint does not plead an entitlement to recover civil penalties, only damages. Even assuming, however, that Reynolds' letter to the LWDA satisfied the prerequisites under PAGA for seeking civil penalties,[1] there is no basis to conclude that it is a substitute for the requirement of §98.7 that a plaintiff seeking damages under §1102.5 first file a claim with the Labor Commissioner.

Accordingly, the first three claims for relief of the Third Amended Complaint must be dismissed. As Reynolds has suggested no basis under which amending the pleading could cure or excuse the failure to exhaust, leave to amend will not be granted.

### 2. Fifth claim for relief

Reynolds's fifth claim for relief arises from an incident in which a fellow officer allegedly made a surreptitious audio tape recording while Reynolds was at his desk, engaged in a phone call with a complainant, thereby capturing Reynolds's side of the conversation. The recording was subsequently used in imposing discipline against Reynolds.

The complaint alleges this conduct violated California Penal Code §§ "629.50, *et seq.*, 631, 632, and 637 *et seq*." Sections 629.50 and 631 relate to what are colloquially known as "wiretaps"—the electronic interception of telephone conversations—and are not implicated by the facts Reynolds has alleged. His argument that discovery might eventually reveal that there was a wiretap in addition to his fellow officer's taping of his side of the conversation does not support a conclusion that the present allegations state a claim under these sections. This portion of the fifth claim for relief must therefore be dismissed. No leave to amend will be granted at this juncture

---

[1]  Defendants point out that Reynolds did not wait the requisite 33 days after giving notice to the LWDA before filing suit, and that the *scope* of the matters alleged in his letter was narrower than his present complaint.

because Reynolds does not suggest he presently could allege that there was any actual wiretapping that occurred.  Should discovery prove otherwise, he may seek leave to amend.

Defendants' challenge to the claims under §§ 632 and 637 rest on their contentions that Reynolds had no reasonable expectation of privacy in what he was saying on a workplace telephone and that immunity applies because his fellow police officer was merely conducting a police investigation when she taped what she was hearing Reynolds say during the phone conversation. While either or both of these arguments may ultimately prevail, they turn on factual questions not appropriately resolved at the pleading stage.  Accordingly, the balance of the motion to dismiss must be denied.

3.  Discovery conference

The parties' joint letter request for a telephonic conference with the Court to "clarify several discovery issues" is denied.  The parties have not described their disputes with sufficient specificity to permit an evaluation as to whether proceeding by telephone conference would be appropriate. Moreover, whatever the precise nature of the disputes may be, the parties imply that they have arisen in the context of uncertainty as to when the motion to dismiss would be decided, a concern that is now moot.  In the event the parties are unable to resolve any remaining discovery disputes without court intervention, any of them may file an appropriate motion, which will be referred to a magistrate judge for disposition.

4.  Conclusion

The first, second, and third claims for relief of the Third Amended Complaint are dismissed without leave to amend, as is that portion of the fifth claim for relief that invokes California Penal Code §§ 629.50 and 631.  The motion to dismiss is otherwise denied.  Defendants shall file an answer within 20 days of the date of this order.  As previously ordered, a further Case Management Conference shall be held on February 23, 2012 at 10:00 a.m. with a Joint Case Management Statement filed at least one week in advance.

**United States District Court**
For the Northern District of California

4

1   IT IS SO ORDERED.

2

3   Dated:  10/11/11

4   RICHARD SEEBORG
    UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California