DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH S. SALVESON, State Bar #83788
Chief Labor Attorney
ANDREW GSCHWIND, State Bar # 231700
Deputy City Attorney
Fox Plaza
1390 Market Street, Fifth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3973
Facsimile:      (415) 554-4248

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON E. REYNOLDS,<br><br>　　Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a public entity, SYDNEY LAWS, PAGET MITCHELL. HEATHER FONG, JAMES LYNCH, and Does 1 through 100, inclusive,<br><br>　　Defendants. | Case No. C 09-0301 RS<br><br>**DECLARATION OF DEP. CHIEF KEVIN CASHMAN IN SUPPORT OF DEFENDANTS' SUMMARY JUDGMENT MOTION** |

I, Kevin Cashman, declare as follows:

1.      I am a police officer employed by the San Francisco Police Department ("SFPD"). I am currently employed as the SFPD's Deputy Chief of Operations. The information contained in this declaration is true of my own personal knowledge, and if called upon to do so, I could and would competently testify thereto.

2.      As of May, 2006, I was employed as the Captain of the SFPD's Investigations Bureau. Susan Eto was head of D.A.'s office Sexual Assault Unit at this time. On May 17, 2006, I authored a memorandum to SFPD Acting Deputy Chief Timothy Hettrich concerning several written complaints that I and Lt. Pengel received from Assistant District Attorneys ("ADAs") Susan Eto and Wade Chow concerning Plaintiff Ron Reynolds. A true and correct copy of this memorandum is attached hereto

1. as Exhibit A. As this memo indicates, in response to their complaints, I recommended to the Acting Deputy Chief that these complaints be forwarded to the Management Control Division for investigation and that Inspector Reynolds be transferred from the Sexual Assault Detail (or "Sex Crimes" Unit) pending the conclusion of the investigation. My transfer recommendation related solely to the allegations discussed in this memorandum and not any other incident(s).

3. On May 19, 2006, two days later, I received a copy of the order from SFPD Chief of Police Heather Fong that is attached hereto as Exhibit B, apparently accepting my transfer recommendation.

I declare under penalty of perjury under the laws of the State of California that the preceding declaration is true, and that this declaration was executed on February 1, 2012 in San Francisco, California.

_____
KEVIN CASHMAN

# EXHIBIT A

# Memorandum

**San Francisco Police Department**

TO: Acting Deputy Chief Timothy J. Hettrich
Investigations Bureau

FROM: Captain Kevin Cashman
Investigations Bureau

DATE: Wednesday, May 17, 2006

SUBJ: Allegations of Misconduct and Inappropriate Behavior By Inspector Ron Reynolds, Sex Crimes Detail

APPROVED: Timothy J. Hettrich #1696, A/DC Investigations Bureau

EXHIBIT 23
9/28/11 Reynolds

## Issue:

There are serious allegations of misconduct and inappropriate behavior regarding Inspector Ron Reynolds that should be administratively investigated by the Management Control Division.

## Discussion:

On March 14, 2006, Assistant District Attorney Susan Eto, the Managing Attorney for the SFDA's Office authored a memorandum to Lieutenant Molly Pengel. In short, ADA Eto complained that Inspector Reynolds displayed an uncooperative and unprofessional attitude and an overall lack of cooperation with the District Attorney's Office (see attached memorandum).

On March 17, 2006, a memo was written by ADA Wade Chow to ADA Susan Eto discussing a problem with Inspector Reynolds' investigation into a sexual assault case. The problem centered around a crucial aspect of the case, the identification of the suspect. When questioned about this matter, Inspector Reynolds responded he had no recollection. This incident is indicative of inadequate preparation, lack of proper case file management or a lack of proper investigative knowledge regarding the memorializing of key facts and evidence (see attached memorandum).

On March 22, 2006, ADA Susan Eto wrote another memorandum to Lt. Molly Pengel complaining of improper interviewing of a sexual assault victim by Inspector Reynolds. ADA Eto also accuses Inspector Reynolds of engaging in "psychotherapy" with the victim. Additionally, ADA Eto mentioned a "discrepancy" in the chronological report maintained by Inspector Reynolds. This allegation would suggest that Inspector Reynolds was deficient in his ability to accurately record facts in his chronological record of investigation – the most basic duty and responsibility of a police inspector.

A/DC Timothy Hettrich
Re: Allegation of Misconduct
Wednesday, May 17, 2006
Page Two

ADA Eto also related that the jury was critical of Inspector Reynolds and was not amused when he testified that he "makes mistake all the time."

Apparently Inspector Reynolds was extremely critical of CSI personnel while testifying in the case possibly bringing discredit upon the Department rather than testify as he had indicated he would to the assistant district attorney at a pre-trial meeting (see attached memorandum).

On May 5, 2006, ADA Wade Chow authored a memorandum to ADA Susan Eto thoroughly documenting additional problems with Inspector Reynolds. Specifically ADA Chow alleges that the investigation by Inspector Reynolds was "incompetent" and cited Reynolds' errors in handling forensic evidence, interviewing techniques, inadequate trial preparation, inappropriate communication with defense counsel, and a lack of basic investigative knowledge as it relates to photo spreads. At one point, Inspector Reynolds admitted he had not taped a key interview that should have been taped. He attributed this failing to pressure from the "bean counters" not to use excessive amounts of cassette tapes (see attached memorandum and transcripts).

It should be noted that the jury acquitted the defendant in this matter.

Conclusion:

The above referenced allegations are extremely serious and call into question Inspector Reynolds' ability to actively investigate sexual assault cases. By his own apparent admission, Inspector Reynolds makes mistakes all the time. Unfortunately, a sexual assault investigation and prosecution are not a forgiving environment for such mistakes.

Because of the serious nature of these issues, I do not believe counseling and retraining are appropriate under these circumstances.

Recommendations:

1. I respectfully recommend this matter be forwarded to the Management Control Division for an administrative investigation.
2. I respectfully recommend that Inspector Reynolds be transferred from the Sexual Assault Division until the conclusion of the MCD investigation.

# EXHIBIT B




POLICE DEPARTMENT
# CITY AND COUNTY OF SAN FRANCISCO
THOMAS J. CAHILL HALL OF JUSTICE
850 BRYANT STREET
SAN FRANCISCO, CALIFORNIA 94103-4603

**GAVIN NEWSOM**
MAYOR

**HEATHER J. FONG**
CHIEF OF POLICE

May 19, 2006

**COPY**

Inspector Ronald E. Reynolds
Star Number 137
Investigations Bureau – Sexual Assault Detail
850 Bryant Street
San Francisco, CA 94103

Re:  MCD #A 027-06
     Order Reassigning You to the Operations Center

Dear Inspector Reynolds:

You are the subject of an administrative investigation regarding allegations of: Neglect of Duty and Conduct Unbecoming an Officer.

Pending resolution of this matter, or my further written orders, you are administratively reassigned to the Operations Center as of 0001 hours, May 19, 2006. Contact Acting-Captain Thomas Buckley, at 553-1005, on receipt of this letter to obtain reporting directions.

Sign and date a copy of this order for return to the Management Control Division.

Sincerely,

HEATHER J. FONG
Chief of Police

cc:   Office of the Chief
      Acting Deputy Chief Timothy Hettrich
      Captain Kevin Cashman
      Acting Captain Thomas Buckley
      Personnel Division

EXHIBIT 24
10/28/11 Reynolds